UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                               :

DRYWALL TAPERS AND POINTERS OF    :
GREATER NEW YORK LOCAL UNION     :
1974, AFFILIATED WITH                  :
INTERNATIONAL UNION OF ALLIED    :         21-CV-7527 (VSB)
PAINTERS AND ALLIED TRADES, AFL-  :
CIO and TRUSTEES OF THE DRYWALL  :        **OPINION & ORDER**
TAPERS AND POINTERS LOCAL UNION  :
NO. 1974 BENEFIT FUNDS,           :
                                               :
                      Petitioners,   :
                                               :
               -v-                  :
                                             :
TIGER CONTRACTING CORP.,        :
                                           :
                      Respondent.  :
---------------------------------------------------------X

Appearance:

Lauren Michelle Kugielska
Barnes, Iaccarino, & Shepherd, LLP
Elmsford, New York
*Counsel for Petitioners*

VERNON S. BRODERICK, United States District Judge:

       Before me is the petition of the Drywall Tapers and Pointers of Greater New York Local

Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO

("Union") and the Trustee of the Drywall Tapers and Pointers Local Union No. 1974 Benefit

Funds ("Trustee," and together with Union, "Petitioners") to confirm an arbitration award against

Tiger Contracting Corp. (the "Company" or "Respondent") pursuant to Section 301(c) of the

Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185.  Because I find that there is

no genuine issue as to any material fact and no indication in the record that any grounds for

vacating or modifying the arbitration award exist, the petition is GRANTED and the arbitration award is confirmed.

### I. **Background**[1]

Union is a labor organization within the meaning of the LMRA with a principal office on West 14th Street in New York City, and Trustee is the fiduciary charged with administering multi-employer labor management trust funds for the Union's benefit within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. (*See* Doc. 1, Pet. ¶¶ 2–3.) Respondent is believed to be a New York corporation, and it is an employer in an industry affecting commerce within the meaning of the LMRA. (*Id.* ¶ 4.)

Respondent and Union at all relevant times were parties to a collective bargaining agreement ("CBA") that provides for dispute resolution using binding arbitration before the Joint Trade Board. (*Id.* ¶¶ 5–6; Doc. 3-2, Kuglieska Decl. Ex. B. Art. XIII § 2; *id.* Art. XIV.) After a dispute covered by the CBA arose, on April 5, 2021, Union filed a demand for arbitration before the Joint Trade Board and duly served the demand on Respondent. (Pet. ¶¶ 7–8; Doc. 3-3, Kuglieska Decl. Ex. C.) Respondent never replied to the demand, and after a hearing on May 10, 2021, the Joint Trade Board issued the Award on June 2, 2021, which resolved the dispute in Union's favor and provided a schedule under which Respondent is to make payments. (Pet. ¶¶ 9–12.) Although the Award was served on Respondent, Respondent never replied or complied with the Award. (*Id.* ¶¶ 12–13.)

Petitioners commenced this action to confirm the Award on September 9, 2021. (Doc. 1.)

---

[1] The following facts are drawn from the Petition to Confirm Arbitration Award (the "Petition" or "Pet."), (Doc. 1), and the supporting evidence submitted by Petitioners as exhibits to the Declaration of Lauren M. Kugielsksa (Doc. 3 ("Kugielska Decl."), including the opinion and award of the Joint Trade Board acting as the arbitrator (the "Award"), (Doc. 3-1, Kugielska Decl. Ex. A).

Petitioners filed an affidavit of service on September 20, 2021.  (Doc. 9.)  To date, Respondent has not answered the Petition or otherwise appeared in this case.  On October 19, 2021, Petitioners filed a motion for summary judgment to confirm the Award, along with supporting papers.  (Docs. 10–13.)

II.   **Legal Standards**

A.   ***Labor Management Relations Act***

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."  *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).  A court's review of a final arbitration award under the LMRA is "very limited."  *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).

"Confirmation of a labor arbitration award under LMRA [section] 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court."  *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 1:16-cv-6004-GHW, 2016 WL 7335672, at *2 (S.D.N.Y. Dec. 16, 2016) (citation omitted).  "Because the federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of arbitration awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice."  *Local 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (internal quotation marks and citation omitted).  Thus, "barring exceptional circumstances—such as fraud or an arbitration decision that violates public policy—

a reviewing court must confirm an arbitration award so long as the arbitrator is even arguably

construing or applying the contract and acting within the scope of his authority." *Trs. of N.Y.C.*

*Dist. Council of Carpenters Pension Fund v. A to E Inc.*, No. 16-cv-4455 (CM), 2018 WL

1737133, at *4 (S.D.N.Y. Mar. 20, 2018) (internal quotation marks omitted).

### B.    *Summary Judgment*

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate."

*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006).  Instead, an unanswered

petition to confirm an arbitration award is to be treated "as an unopposed motion for summary

judgment." *Id.* at 110.  Summary judgment is appropriate where "the movant shows that there is

no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).  "[T]he dispute about a

material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is

"material" if it "might affect the outcome of the suit under the governing law," and "[f]actual

disputes that are irrelevant or unnecessary will not be counted."  *Id.*  To defeat a summary

judgment motion, the nonmoving party "must do more than simply show that there is some

metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 586 (1986).

"A party asserting that a fact cannot be or is genuinely disputed must support the

assertion by . . . citing to particular parts of materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations (including

those made for purposes of the motion only), admissions, interrogatory answers, or other

materials . . . ."  Fed. R. Civ. P. 56(c)(1).  In the event that "a party fails . . . to properly address

another party's assertion of fact as required by Rule 56(c), the court may," among other things,

"consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(2), (3).

However, "[e]ven unopposed motions . . . must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'"  *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).  In other words, "the showing required to avoid confirmation is very high."  *Id.*

### III.   <u>Discussion</u>

I have examined the record before me submitted by Petitioners, and I find that no genuine issues of material fact exist in this case.  There is also no indication in the record before me that the Award was procured through fraud or dishonesty or that the arbitrator was acting in disregard of the CBA or outside the scope of his broad authority to resolve this dispute between the parties.  Rather, the record demonstrates that the Joint Trade Board, authorized to act as arbitrator by the CBA, based its award on undisputed evidence regarding Respondent's failures to procure overtime permits for work performed at job sites and for wrongfully laying off two Hispanic members of the Union.  The record also establishes that the Award's amounts were based on the provisions of the CBA and related agreements.  (*See* Doc. 3-1, Kugielska Decl. Ex. A.)

Accordingly, Petitioners' motion is granted and the Award is confirmed.  *See, e.g.*, *New York City Dist. Council of Carpenters Pension Fund v. Vista Eng'g Corp.*, 19-CV-5280 (VSB), 2021 WL 4077943, at *3 (S.D.N.Y. Sept. 7, 2021) (confirming arbitration award brought under LMRA section 301 where respondent did not oppose petition and record supported arbitrator's findings).

IV.     **Conclusion**

For the foregoing reasons, Petitioners' motion is GRANTED.  The Award is confirmed, and the Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent in the amount of $10,554.09, plus interest from the date of the Award through the date of judgment at a rate of 7.5 percent.  The Clerk of the Court is further directed to terminate the motion pending at Doc. 10 and close the case.

SO ORDERED.

Dated: October 18, 2023
       New York, New York

Vernon S. Broderick
United States District Judge